IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CBL & ASSOCIATES | § | |
| PROPERTIES, INC., *et al.*, | § | Case No. 20-35226 (DRJ) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | Re: Docket No. 1332 |

### ORDER (I) APPROVING SETTLEMENT AGREEMENT AND (II) DISMISSING CHAPTER 11 CASE

Upon the motion, dated July 26, 2021 (the "**Motion**")[2] of Laredo Outlet Shoppes, LLC, as a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Debtor**"), and U.S. Bank National Association for entry of an order authorizing the Debtor to enter into a Settlement Agreement, approving the terms of such Settlement Agreement, authorizing the Debtor's performance thereunder, and dismissing the Laredo Chapter 11 Case, as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing to consider the relief requested

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtor's claims and noticing agent at https://dm.epiq11.com/CBLProperties. The Debtors' service address for the purposes of these chapter 11 cases is 2030 Hamilton Place Blvd., Suite 500, Chattanooga, Tennessee 37421.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

in the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and upon the record of the hearing; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtor and its estate and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Debtor is authorized to enter into, perform, execute, and deliver all documents, and take all actions, necessary to immediately continue and fully implement the Settlement Agreement, annexed hereto as **Exhibit A**, in accordance with the agreed terms and conditions set forth therein.

2. In accordance with the Settlement Agreement, except for a default for failure to repay the loan in full at the end of 36 months (the "**36 Month Maturity Default**"), if an event of default occurs under the Laredo Loan Agreement that is not timely cured pursuant to any applicable cure provisions thereunder, Laredo shall not interfere with and shall cooperate with U.S. Bank's liquidation of the property, either by foreclosure (which may or may not involve a credit bid by U.S. Bank), receivership sale or otherwise and, if requested, shall execute a deed in lieu of foreclosure.

3. In the event of a 36 Month Maturity Default, then the parties will attend a one-day mediation before Judge Marvin Isgur (or if he is unavailable, then before another bankruptcy judge then sitting in the United States Bankruptcy Court for the Southern District of Texas). No party will be obligated to reach an agreement at the mediation. If the parties do not reach a resolution at mediation, Laredo shall not interfere with and shall cooperate with U.S.

Bank's liquidation of the property, either by foreclosure (which may or may not involve a credit bid by U.S. Bank), receivership sale or otherwise and, if requested, shall execute a deed in lieu of foreclosure.

4. The Proof of Claim shall be allowed as an unsecured claim in the amount of $5,000,000, subject to the terms of the Settlement Agreement.

5. To the extent applicable, the requirements of Bankruptcy Rule 6004(a) are waived.

6. Notwithstanding the provisions of Bankruptcy Rule 6004(h), to the extent they are applicable, this Order shall be immediately effective and enforceable upon its entry.

7. Pursuant to section 305(a) of the Bankruptcy Code, the chapter 11 case of Laredo Outlet Shoppes, LLC, Case No. 21-31717, is dismissed for cause, effective as of the entry of this Order.

8. Notwithstanding anything to the contrary, including, without limitation, section 349 of the Bankruptcy Code, the Settlement Agreement shall remain in full force and effect and shall survive the dismissal of the Laredo Outlet Shoppes, LLC chapter 11 case.

9. From and after the date of this Order, (i) the Debtor, (ii) the Ad Hoc Noteholder Group, (iii) U.S. Bank, (iv) the Creditors' Committee, (v) each member of the Creditors' Committee, solely in its capacity as such, and (vi) with respect to each of the foregoing persons or entities in clauses (i) through (v), their directors and officers, financial advisors, attorneys, and other professionals, shall be exculpated from any liability for any act taken or omitted to be taken in good faith from the Laredo Petition Date through the date of entry of this Order in connection with or related to the Laredo Chapter 11 Case, except for any claim or cause of action arising from the fraud, gross negligence, or willful misconduct of such party.

10. The Debtor Laredo Outlet Shoppes, LLC in Case No. 21-31717, no later than thirty (30) days after entry of this Order, shall file with the Clerk of the United States Bankruptcy Court operating reports and statements of disbursements and of any fees payable under 28 U.S.C. § 1930(a)(6) for each quarter during the period from May 26, 2021, through the date of entry of this Order, and shall serve a true and correct copy of said operating reports and statements of disbursements on the United States Trustee.

11. The Debtor Laredo Outlet Shoppes, LLC in Case No. 21-31717, no later than thirty (30) days after entry of this Order, shall pay the appropriate sum of quarterly fees due and payable under 28 U.S.C. § 1930(a)(6) by remitting payment to the United States Trustee Payment Center, P. O. Box 6200-19, Portland, Oregon, 97228-6200, and shall furnish evidence of such payment to the United States Trustee, 515 Rusk, Suite 3516, Houston, Texas.  The payment shall reflect the Debtor Laredo Outlet Shoppes, LLC's account number and shall be transmitted with a "Chapter 11 Quarterly Disbursement and Fee Report" available from the United States Trustee.  This Court shall retain jurisdiction to enforce payment of fees assessed under 28 U.S.C. § 1930(a)(6).

12. The Debtor is authorized to take all action necessary and appropriate to effectuate the relief granted in this Order, including negotiating and entering into the Loan Modification; provided, however, that the Movants reserve the right to re-engage with the Mediator with respect to disputes regarding the Loan Modification.

5

13. Notwithstanding the dismissal of the chapter 11 case, the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order, including the enforcement of paragraph 2 of this Order.

**Signed:  August 19, 2021.**

_____
DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

**Exhibit A to Proposed Order**

**Settlement Agreement Term Sheet**

MEDIATED SETTLEMENT TERM SHEET

This is a Mediated Settlement Term Sheet between Laredo Outlet Shoppes, LLC and U.S. Bank, as agent and lender.  This Term Sheet will not be binding until the following have occurred:

A. Laredo Outlet Shoppes, LLC has consulted with its principal bondholders and determined to proceed after such consultation;
B. U.S. Bank has formally approved the Term Sheet through its internal processes and obtained the approval of each loan participant; and
C. A final order has been entered by the United States Bankruptcy Court for the Southern District of Texas that dismisses the Laredo Outlet Shoppes, LLC bankruptcy case on the terms contained in this Term Sheet.

This Term Sheet addresses the claims held by U.S. Bank, as agent, and any of its successors and assigns, in the Laredo Outlet Shoppes, LLC Bankruptcy case.  The claims will be addressed as follows:

1. All amounts owing under the Laredo Loan Agreement as of June 30, 2021, except for default interest which shall be separately addressed, shall be liquidated and the parties agree that the Obligations (as defined in the Laredo Loan Agreement, which definition is incorporated herein) owing as of such date shall be deemed $39,950,000.  Such Obligations shall be converted to principal as of the effective date of the Loan Modification and shall bear interest from July 1, 2021 forward as set forth below and all fees, costs and expenses incurred after such date (except for fees, costs and expenses related negotiation and documentation of this Settlement Agreement) shall receive the same treatment as Obligations currently provided to them under the Laredo Loan Agreement.

2. Prior to any extension, the Obligations will be repaid:

    a. With interest at LIBOR plus 3.25% per annum.
    b. Monthly payments will be equal to the accrued interest plus $100,000.00 per month.
    c. All principal and interest will be due at the end of 24 months, unless extended.

3. Laredo Outlet Shoppes, LLC may obtain a one-year extension in exchange for payment of an amendment fee in the amount of $80,000.00.

4. During the one-year extension period, the Obligations will be repaid:

    a. With interest at LIBOR plus 3.50% per annum.
    b. Monthly payments will be equal to the accrued interest plus $100,000.00 per month.
    c. All principal and interest will be due at the end of 12 months (making for a total of 36 months).

5. It will be a default under the loan if:

    a. Payments of principal and interest are not paid.

      b. Ad valorem property taxes are not paid.
      c. Insurance is not maintained in force.
      d. Laredo Outlet Shoppes, LLC fails to maintain minimum liquidity of $250,000.00.
      e. Laredo Outlet Shoppes, LLC fails to provide financial reporting to U.S. Bank on the same basis as historically provided.
      f. Laredo Outlet Shoppes, LLC fails to allow for U.S. Bank to obtain an annual appraisal of the property, or to pay for such appraisal when due.

6. With respect to item 5a, there is no notice and opportunity to cure. With respect to items 5d, there is a 7-day notice and opportunity to cure. With respect to item 5e, there is a 15-day notice and opportunity to cure. With respect to the balance of items in paragraph 5, there is a 30-day notice and opportunity to cure.

7. The current cash management system will be continued. Provided, Lenders may exercise rights against any funds only following an uncured default under this Term Sheet or as otherwise set forth in the final documents under this Term Sheet.

8. Laredo Outlet Shoppes, LLC may borrow and repay funds from affiliates. Such borrowing and repayment will be unsecured and subordinated to all rights of U.S. Bank.

9. Laredo Outlet Shoppes, LLC may make no distributions to its equity owners on account of their equity ownership. This does not preclude the payment of expenses or reimbursements to affiliates for goods and services, tenant allowances and capital expenditures rendered as has been the customary practice.

10. Except for a default for failure to repay the loan in full at the end of 36 months (the "**36 Month Maturity Default**"), if an event of default occurs under the Laredo Loan Agreement that is not timely cured pursuant to any applicable cure provisions thereunder, Laredo shall not interfere with and shall cooperate with U.S. Bank's liquidation of the property, either by foreclosure (which may or may not involve a credit bid by U.S. Bank), receivership sale or otherwise and, if requested, shall execute a deed in lieu of foreclosure. The foregoing agreement by Laredo shall be enforceable by an order issued by the Court and the Court will retain jurisdiction to enforce this agreement.

11. In the event of a 36 Month Maturity Default, the parties will attend a one-day mediation before the Honorable Marvin Isgur (or if he is unavailable, then before another bankruptcy judge then sitting in the United States Bankruptcy Court for the Southern District of Texas). No party will be obligated to reach an agreement at the mediation. If the parties do not reach a resolution at mediation, Laredo shall not interfere with and shall cooperate with U.S. Bank's liquidation of the property, either by foreclosure (which may or may not involve a credit bid by U.S. Bank), receivership sale or otherwise and, if requested, shall execute a deed in lieu of foreclosure.

12. U.S. Bank will have a contingent (but maximum) $5,000,000 unsecured claim against the CBL Guarantor in the Initial Debtors' chapter 11 cases for any amounts under the Loan Modification unpaid after liquidation of the property, foreclosure on the property and/or credit bid by U.S. Bank for the property (the "**Deficiency Claim**").  Pending repayment of the Obligations, the combination of New Senior Secured Notes, New Common Stock, and Cash necessary to satisfy the Deficiency Claim in accordance with the Plan shall be held in a disputed unsecured claims reserve for payment of this claim or as otherwise agreed by U.S. Bank, the Debtors, and the Required Consenting Noteholders (as defined in the Plan).  Once the property is liquidated, foreclosed or transferred to U.S. Bank by credit bid, the actual amount of the Deficiency Claim against CBL Guarantor will be equal to the difference between the Obligations and the net amount received by U.S. Bank upon liquidation, foreclosure or attributed by credit bid. Notwithstanding anything to the contrary herein, the Deficiency Claim amount will never exceed $5,000,000.00.

13. The parties agree that the default interest owed under the Laredo Loan Agreement as of June 30, 2021 is $708,098.  If the Lenders receive payment in full of their Obligations by payments of cash from Laredo, CBL Guarantor or any other person on their behalf, their claim for this default interest shall be discharged. If the Lenders liquidate the property, the $708,098 (which amount shall not bear interest) shall be added to the outstanding Obligations, treated as principal and shall be included in any claim calculation for credit-bidding or other deficiency calculation purposes; provided, however, that in no event shall the Deficiency Claim exceed $5,000,000.

14. Laredo, the CBL Guarantor, and U.S. Bank shall provide full mutual releases, except for the obligations in this Term Sheet.

15. From July 1, 2021 through the closing of the Loan Modification, interest shall be incurred at the rate of LIBOR plus 3.25% per annum and all such outstanding interest shall be paid at the closing of the Loan Modification.  If the Loan Modification closes after August 1, 2021, a principal payment for August 2021 in the amount of $100,000 shall be paid at the closing of the Loan Modification.

16. The final loan documents will not contain any financial covenants.  To the extent the parties disagree as to whether a particular proposed covenant constitutes a financial covenant, the parties will return to the Mediation to resolve such dispute.

17. Closing is subject to final, mutually agreed, documents.

18. The parties will jointly seek the dismissal of the Laredo Outlet Shoppes, LLC bankruptcy case.  This Term Sheet will be fully disclosed prior to dismissal.  The dismissal order will retain jurisdiction to enforce paragraph 10 of this Term Sheet.